IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BOBBIE DEBORAH BRYANT, )
        Plaintiff )
        v. ) No. 1:06-cv-64
UNITED STATES ATTORNEY )
GENERAL, *et al.*,
         )
        Defendants
         )

## **MEMORANDUM OPINION**

This is a *pro se* action purportedly brought pursuant to this court's federal question jurisdiction, 28 U.S.C. § 1331. On July 17, 2006, plaintiff submitted a motion in the alternative to amend her complaint [Court File #18]. The motion to amend will be granted. However, because it is apparent from the face of both the initial and amended complaints that subject matter jurisdiction is lacking, this action will be dismissed *sua sponte*.

Rule 8(a), Federal Rules of Civil Procedure, provides that the complaint shall contain "(1) a short and plain statement of the grounds upon which the court's

jurisdiction depends ...". Federal courts are courts of limited jurisdiction and may exercise only those powers authorized by the United States Constitution and federal statutes enacted by Congress. It is presumed that a cause of action lies outside this limited jurisdiction. "The burden of establishing subject matter jurisdiction and overcoming the presumption rests upon the plaintiffs because they are the parties who seek to invoke the Court's jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This court has an independent obligation and duty to police and guard the boundaries of its jurisdiction. *Douglas v. E.G. Baldwin & Assoc.*, 150 F.3d 604, 606-07 (6th Cir. 1998).

Plaintiff's complaint and amended complaint name a host of defendants including the United States Attorney General, the Governor of Tennessee, the State Election Coordinator, two state law judges, a Chancery Court Clerk & Master, a conservator, two attorneys, two banks, the Mayor of Hamilton County, the Hamilton County Department of Education, the Mayor of Chattanooga, a nursing home and its administrator, and plaintiff's sisters. Plaintiff's complaint begins with the following "jurisdictional statement":

> The U.S. District Court has federal question jurisdiction pursuant to the Americans with Disabilities Act. This Honorable Court also has jurisdiction as a United States official, the United States Attorney General, is a party. [T]he issue Jurisdiction is now *res judicata* as a judgment

with prejudice has been issued as to defendant Hamilton County Department of Education [sic].

The connection between the multiple defendants and the plaintiff is not clear from the body of the complaint and the amended complaint. The entirety of plaintiff's factual allegations are laid out as follows:

I.

Bobbie Deborah Bryant is a daughter of John Calvin Gibson. She is a plaintiff in this case.

II.

Camelle Gibson is a daughter of John Calvin Gibson. She is a defendant in this case.

III.

Amanda Lopez is a daughter of John Calvin Gibson. She is a defendant in this case.

IV.

The United States Attorney General is the defendant who has statutory authority to prosecute this action.

V.

Defendant Phil Bredesen is sued in his official capacity as Governor of the State of Tennessee.

VI.

Defendant State of Tennessee Election Coordinator is sued in his official capacity. He is ultimately responsible for the qualifying of candidates and for resolving issues

3

regarding continuing qualification of elected officials. He is also responsible as overseer of the county election commissions and for their lawful operation.

VII.

Defendant W. Frank Brown, III, is sued individually and in his official capacity as Chancellor of Hamilton County Chancery Court.

VIII.

Defendant Howell Peoples is sued individually and in his official capacity as Chancellor of Hamilton County Chancery Court.

IX.

Defendant S. Lee Akers is sued individually and in his official capacity as Clerk & Master of Hamilton County Chancery Court.

X.

Defendant Lynne Dechman is sued individually and in her capacity as conservator over the person and property of John Calvin Gibson and in her capacity as attorney.

XI.

Defendant Philip Whitaker, Jr., is sued individually and in his capacity as attorney and agent for SunTrust Bank.

XII.

Defendant Cornerstone Bank is the financial institution which held funds for the conservatorship of John Calvin Gibson.

4

XIII.

Defendant Claude Ramsey is sued in his official capacity as Mayor or Hamilton County, Tennessee.

XIV.

Defendant Hamilton County Department of Education is sued as the entity which operates the Hamilton County School System. However, at this time the record shows dismissal with prejudice as to said defendant.

XV.

Defendant Ron Littlefield is sued in his official capacity as Mayor of the City of Chattanooga, Tennessee.

XVI.

Defendant Life Care Centers of America is sued as owner and principle of Life Care Center of Chattanooga.

XVII.

Defendant Lauren McCann is sued in her individual capacity and as administrator of Life Care Center of Chattanooga.

XVIII.

Defendant SunTrust Bank is the financial institution which has held funds of the Estate of Mary Gladys Gibson.

XIX.

Cynthia Gibson is the daughter of John Calvin Gibson. She is a defendant in this case.

XX.

John Calvin Gibson was 82 years of age in August 2001. He was living at home when he fell and broke his leg which resulted in a stay for rehabilitation at a nursing home, followed by transfers to several other facilities. Three of his four daughters, being concerned about his well being, filed for a conservatorship. The conservatorship was pursued upon the advice of the filing attorney.

John Calvin Gibson, who attempted to go to Court, was directly and intentionally prevented from appearing in Court by Honorable W. Frank Brown, III. Mr. Gibson was also subpoenaed to Court, but Chancellor Brown specifically refused to enforce said subpoena. Chancellor Brown never saw Mr. Gibson during the pendency of the conservatorship, refusing to be affronted by the persons whose Life, Liberty and Property was taken by him and his associates under the alleged Color of Law.

Therefore, John Calvin Gibson was denied access to the services of the State of Tennessee in violation of the Americans with Disabilities Act.

The daughters, Bobbie Bryant, Camelle Gibson and Amanda Lopez were attempting to help their father, a disabled person. In relation to their efforts they were denied access to the services of the State of Tennessee in violation of the Americans with Disabilities Act.

XXI.

Bobbie Bryant and Amanda Lopez were maliciously prosecuted. The defendants herein which were involved were Lynne Dechman, Lauren McCann, Life Care Center of Chattanooga, The City of Chattanooga and the State of Tennessee.

XXII.

Defendant Hamilton County and other certain defendants capitalized on the status and condition of John Calvin Gibson in a concerted effort and attempt to take his property both real and personal.

XXIII.

Defendants S. Lee Akers, Lynne Dechman, Phillip Whitaker, Jr., Cornerstone Bank and SunTrust Bank deprived John Calvin Gibson of property by failing to acquire the maximum amount of earnings deposited in financial institutions and failing to acquire the maximum return on the money.

XXIV.

Defendant Chancellor W. Frank Brown, III, failed and refused to protect the rights and property of John Calvin Gibson, in violation of his duties and responsibilities.

XXV.

Defendants Chancellor W. Frank Brown, III, and Chancellor Howell Peoples denied John C. Gibson and his daughters access to the Courts and willfully failed and refused to provide, protect and preserve DUE PROCESS.

[Court File #18].

Even giving the plaintiff the benefit of any doubt, the court finds that plaintiff's complaint and amended complaint fail to meet even the minimal, liberal pleading requirements of Rule 8(a)(1) with regard to subject matter jurisdiction. From the face of the complaint and amended complaint it appears that plaintiff's

primary claim is that her father was a disabled person and somehow the way in which his state court conservatorship was handled was in violation of his rights under the ADA. Plaintiff apparently seeks to leave to the court and the myriad of defendants the task of analyzing and determining the relevancy and pertinency of the ADA to her claim. Even if plaintiff's father had an arguable claim under the Americans with Disabilities Act, plaintiff has not provided any information with regard to her own standing to pursue such a claim. The basis of this court's jurisdiction must be alleged affirmatively and distinctly and cannot "be established argumentatively or by mere inference." *Thomas v. Board of Trustees of Ohio State University*, 195 U.S. 207, 218 (1904). Plaintiff cannot simply reference a federal statute or constitutional provision in order to invoke the limited jurisdiction of a federal court. Nor can she simply name the United States Attorney General as a defendant to invoke the court's jurisdiction. Otherwise, creative litigants could create virtually unlimited federal question jurisdiction. Although the pleading requirements of Rule 8(a)(1) are minimal, they are not non-existent. The plaintiff, even *pro se*, must comply with the basic pleading requirements. *See Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989).

While plaintiff's motion to amend [Court File #18] is GRANTED, it is apparent from both the initial complaint and the amended complaint that subject

8

matter jurisdiction in this case is lacking. Accordingly, this action is DISMISSED *sua sponte*. All remaining motions are DENIED AS MOOT.

Order accordingly.

                                                  ***s/ James H. Jarvis***
                                        UNITED STATES DISTRICT JUDGE

9

Case 1:06-cv-00064   Document 67   Filed 09/08/06   Page 9 of 9   PageID #: 9